# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATE OF AMERICA | CRIMINAL DOCKET |
|---|---|
| VERSUS | NO. 09-0373 |
| KEWAYNE MORGAN | SECTION "K" |

## ORDER AND OPINION

Before the Court is defendant Kewayne Morgan's Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. Having reviewed the record and the relevant law, the Court, for the following reasons, **DENIES** the defendant's motion.

## BACKGROUND

Kewayne Morgan pleaded guilty with a plea agreement to:

- Count 1, conspiracy to possess with the intent to distribute fifty (50) grams or more of cocaine base and cocaine hydrochloride, and a quantity of heroin and marijuana,

- Count 3, possession of a firearm in furtherance of his drug trafficking activities.

Morgan also pleaded guilty to a bill of information in which he was charged pursuant to 21 U.S.C. § 851 with having a prior state felony drug conviction for possession of "crack" cocaine in violation of Louisiana Revised Statute 40:967. This Section 851 enhancement mandated a statutory minimum sentence of 240 months under 21 U.S.C. § 841(b)(1)(A). By accepting the plea agreement, Morgan waived his right to appeal or collaterally challenge his conviction or sentence except that he could bring a post conviction claim if he could establish that ineffective assistance of counsel directly affected the validity of his waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. He also reserved the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. As per the terms of the plea agreement, the Government agreed

1

to dismiss the remaining counts of the indictment at the time of sentencing. The Government also agreed not to charge the defendant with having **two** prior felony drug convictions pursuant to 21 U.S.C. § 851, which would have mandated a life sentence for Morgan.

Morgan's presentence report (PSR) calculated a Total Offense Level of 28 with a reduction to 25 for acceptance of responsibility and a Criminal History Category score of 3 with an applicable Sentencing Guideline Range of 70 to 87 months. However, pursuant to 21 U.S.C. § 841(b)(1)(A), Count One carried a minimum term of imprisonment of 20 years and a maximum term of life because Morgan was convicted of possession with intent to distribute after a prior conviction for a felony drug offense had become final. Pursuant to 18 U.S.C. § 924(c)(1)(A), Count Three carried a minimum term of imprisonment of five years and a maximum term of life and had to be served consecutive to any other term of imprisonment imposed. Thus, in accordance with USSG § 5G1.1(b), the guideline range became 240 months as to Count One and 60 months as to Count Three to run consecutively to Count One.

Defendant was sentenced on February 16, 2011. During defendant's sentencing, defendant's counsel asked your Honor to consider sentencing defendant under the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010). The Court denied the motion not only because there was a mandatory statutory minimum sentence, but also because the Court had previously concluded that the Fair Sentencing Act did not apply retroactively to criminal conduct before its enactment. *See United States v. Bagent,* Cr. No. 10-36 (E.D. La. Jan. 4, 2011). The Court found the pre-sentence report to be accurate and uncontested and adopted the advisory guideline calculations and reasons for sentencing. The Court sentenced defendant to a term of 300 months imprisonment which consisted of 240 months as to Count 1 and 60 months as to Count 3, all to be served consecutively.

Morgan did not appeal his sentence, but filed a *pro se* motion seeking an "out-of-time" appeal. The Court denied his motion because Morgan pleaded guilty pursuant to a plea agreement in which he waived his right to a direct appeal.

Plaintiff filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence urging that his counsel rendered ineffective assistance in the following respects:

1. Counsel did not object or argue that the conduct of the prior conviction used for § 851 enhancement was not conduct defined under the federal provisions as meeting the federal standard for use;

2. Counsel did not argue that the Fair Sentencing Act, which was in effect at the time of Morgan's sentencing, should have been applied to calculate the term of imprisonment;

3. Counsel did not contest the drug amount or argue that there was no lab report to show the gross weight or net weight of the alleged substance was more than 50 grams to trigger the § 841(b)(1)(A) sentencing range;

Additionally, Morgan urges that because his counsel provided ineffective assistance, he unknowingly waived his right to appeal. Defendant also contends that because of error by the Court, he did not knowing and voluntarily waive his right to appeal. The United States opposed defendant's Section 2255 motion.

**LAW AND ANALYSIS**

**A. Waiver of Collateral Proceedings**

Defendant seeks to challenge his sentence through the collateral proceedings of Section 2255. However, the Plea Agreement entered into by Morgan and the Government precludes Morgan from doing so, "except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself." (R. Doc. 197, p. 3).

Thus, the Court must first determine whether Morgan was provided with ineffective assistance of counsel, which would void the waiver of Defendant's collateral challenge rights or his guilty plea and plea agreement.

**B. Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, Morgan must satisfy a two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that counsel's performance was deficient. *Id.* Second, the defendant must show that this deficient performance prejudiced the defense. *Id.*

With regard to the first prong concerning deficient performance, "[t]his requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.* To establish that his counsel's performance was constitutionally deficient, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* Moreover, "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Id.*

"Judicial scrutiny of counsel's performance must be highly deferential," and there is a strong presumption that an attorney's performance "falls within the wide range of reasonable professional assistance." *Id.* at 689. "No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Id.* at 688-89. Strategic choices

chosen by an attorney, which are usually based on information supplied by the defendant and an investigation of the relevant facts and law, are virtually unchallengeable. *Id*. at 691. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

> Thus, a court deciding an actual ineffective assistance claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.

*Id.* at 690.

Ineffective assistance of counsel claims due to failure on the part of the attorney, must be specifically pleaded and proven. *Knighten v. Maggio*, 740 F.2d 1344, 1349 (5th Cir. 1984); *see also Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) ("Mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.") Moreover, failure to raise a meritless argument cannot serve as the basis of a successful ineffective assistance claim because a different result would not have been reached had the attorney raised the issue. *United States v. Kimler*, 167 F.3d 889, 892 (5th Cir. 1999).

With regard to the second prong under *Strickland*, to satisfy the prejudice requirement, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial,

a trial whose result is reliable." *Id.* at 687. "[T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Id*. at 696. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691 (citations omitted). Thus, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* "Even if a defendant shows that particular errors of counsel were unreasonable, [ ] the defendant must show that they actually had an adverse effect on the defense." *Id.* at 693. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The defendant bears the burden of proof when alleging an ineffective assistance claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins,* 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson,* 227 F.3d 273, 284 (5th Cir. 2000). There is no need to address both prongs of the *Strickland* test if a court finds that defendant has made an insufficient showing as to either of the prongs. *Strickland*, 466 U.S. at 697.

**1. Failure to Challenge Prior Conviction.**

Morgan pleaded guilty pursuant to 21 U.S.C. § 846 to conspiracy to possess with intent to distribute 50 grams or more of cocaine base and cocaine hydrochloride and a quantity of heroin and marijuana. Morgan's sentence on the conspiracy count was enhanced under 21 U.S.C. § 841(b)(1)(A), which provides that if a person is convicted of possession with intent to distribute **after a prior conviction for a felony drug offense** becomes final, such person shall be sentenced

to a term of imprisonment which may not be less than 20 years and not more than life imprisonment. Morgan argues that his counsel provided ineffective assistance in failing to object to the enhancement because his prior drug conviction was for simple possession which did not meet the criteria for this enhancement. This claim lacks merit.

Defendant's prior state conviction for knowingly or intentionally possessing a controlled dangerous substance constitutes a "felony drug offense" which can be used to enhance defendant's sentence. The definition of "felony drug offense" is provided in 21 U.S.C. § 802(44):

> The term "felony drug offense" means an offense that is punishable by **imprisonment for more than one year** under any law of the United States **or of a State** or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.(emphasis added).

The Government's reliance on the definition of "felony" in 21 U.S.C. § 802(13) is misplaced. "The term "felony drug offense" contained in § 841(b)(1)(A)'s provision for a 20–year minimum sentence . . . is defined exclusively by § 802(44) and does not incorporate § 802(13)'s definition of 'felony.'" *Burgess v. United States*, 553 U.S. 124, 127 (2008).

In Louisiana, "felony" is defined as "any crime for which an offender may be sentenced to death or **imprisonment at hard labor**." Louisiana Revised Statute § 14:2(A)(4). Morgan pleaded guilty on January 16, 2002 to possession of cocaine base in violation of Louisiana Revised Statute 40:967(C)(2). Defendant's reliance on *Carachuri-Rosendo v. Holder,* 130 S.Ct. 2577 (2010) and *United States v. Rodriquez,* 553 U.S. 377 (2008) is ill-founded. Integral to the holding in each of these cases was a state sentencing structure based on a defendant being a recidivist. Because Louisiana does not have such a sentencing structure, *Carachuri-Rosendo* and *Rodriquez* are inapplicable. Thus, Morgan's contentions are without merit.

7

As noted previously, a state conviction for possession of "crack" cocaine in violation of Louisiana Revised Statute 40:967, served as the predicate offense for Morgan's sentencing enhancement. Louisiana Revised Statute 40:967(C)(2) provides in relevant part that "[a]ny person who violates this Subsection as to any other controlled dangerous substance shall be imprisoned **with or without hard labor for not more than five years** and, in addition, may be sentenced to pay a fine of not more than five thousand dollars." Thus, Morgan's conviction qualifies as a felony under Louisiana law because he could have been sentenced at hard labor. Further, Louisiana Revised Statute 40:967(C)(2) prohibits conduct relating to narcotic drugs with a potential sentence in excess of the one year imprisonment requirement and thus satisfies the federal definition of "felony drug offense" under § 841(b)(1)(A).

In *United States v. Sandle*, 123 F.3d 809, 811 (5th Cir. 1997), defendant argued that § 841(b)(1)(A)'s "enhancement provision is improperly triggered by a [state] felony conviction for 'mere' possession." The Fifth Circuit held that "under the plain language of the statute, it appears that a 'felony drug offense' includes any criminal conduct relating to narcotics, including simple possession, which a state has proscribed as a felony." *Id.* at 812 (citing *United States v. Hansley,* 54 F.3d 709, 718 (11th Cir.1995)). The Fifth Circuit Court then held "the statutory definition of 'felony drug offense' set forth in section 802(44) controls this appeal and . . . [defendant's] prior state conviction for cocaine possession was properly considered a prior felony drug offense under section 841(b)(1)(A)'s enhancement provision." *Id.* at 812.

Though defendant did not serve time in prison for his conviction under Louisiana Revised Statute 40:967(C)(2), he was sentenced to serve three years at hard labor. This sentence was later suspended and he was placed on two years of active probation. The language of 21 U.S.C. § 802(44)

8

implies that it is not the actual sentence imposed that determines whether an offense is considered a felony drug offense, but it is the potential punishment authorized by the statute. Defendant's prior conviction, a felony offense under Louisiana law because it was punishable by hard labor, qualifies as a felony drug offense under 21 U.S.C. § 841(b)(1)(A). Any objection by defendant's counsel to the enhancement would have been futile. Thus, defense counsel's performance was not deficient.

Moreover, defendant agreed to the Factual Basis the Government relied upon to establish defendant's guilt which explained that Morgan "pled guilty on January 16, 2002, in the Criminal District Court for the Parish of Orleans under case number 423-474 "B" to possession of crack cocaine, in violation of La. R.S. 40:967. This felony drug conviction is now final."(Rec. Doc. No. 196, pg. 6). Further, after the Factual Basis was read aloud during defendant's rearraignment, the Court asked defendant if he had any questions concerning the Factual Basis. (Rec. Doc. No. 327, pg. 30-32). Defendant replied that he did not. Moreover, he affirmed that he understood the charges that were being filed against him. (Rec. Doc. No. 327, pg.32). When defendant was given an opportunity to address the Court, he did not raise any concerns about the prior conviction. Defendant also affirmed that he understood in light of the Bill of Information, which indicated a previous felony conviction, that he faced a mandatory minimum sentence of twenty years. (Rec. Doc. No. 327, pg. 8) Finally, defendant agreed to a plea agreement, in which he signed and initialed each page, stipulating that he was also pleading guilty to a Bill of Information in which he was charged with having a prior felony drug conviction, pursuant to 21 U.S.C. § 851. (Rec. Doc. No. 197, pg. 2). Thus, counsel's failure to object to the sentence enhancement would have been unsuccessful because defendant had continuously stipulated or admitted his prior state felony conviction. Given the record and the relevant law, defendant's counsel did not provide ineffective assistance by not objecting to

9

the § 851 enhancement.

**2. Failure to Urge Application of Fair Sentencing Act.**

Morgan claims his counsel provided ineffective assistance because he failed to argue Morgan should have been sentenced under the Fair Sentencing Act which was in effect at the time he was sentenced. There is no factual basis for defendant's claims. Contrary to defendant's assertions, at defendant's sentencing, Morgan's counsel did ask the Court to consider sentencing defendant under the Fair Sentencing Act. (Rec. Doc. No. 328, pg. 2-4). The Court declined to do so for the reasons previously noted. Therefore, this claim lacks merit for ineffective assistance of counsel..

**3. Failure to Challenge Quantity of Drugs.**

Morgan asserts that his counsel was ineffective for not contesting the drug amount because it was clearly under 50 grams. Morgan's contention is at odds with both the plea agreement and the Factual Basis Morgan signed. Morgan signed and agreed to a plea agreement which stipulated the quantity of drugs involved in the conspiracy to possess with intent to distribute. Further, Morgan acknowledged his initials and signature and asserted that he went over his charges with his attorney. The Factual Basis provides "[t]he government and the defendant, Kewayne Morgan, agree and stipulate that the amount of drugs that the government could prove that was distributed during the course of the conspiracy by him and other co-conspirators was more than 150 but less than 500 grams of cocaine base, approximately two kilograms of marijuana, approximately 250 grams of cocaine hydrochloride, and a negligible amount of heroin."(Rec. Doc. No. 196, pg. 6). During the Rule 11 plea proceeding, the prosecutor read the Factual Basis in open court and Mr. Morgan acknowledged that the Factual Basis was correct. The record makes clear that the Court thoroughly explained to Morgan the charges to which he was pleading guilty. Morgan continuously affirmed

10

that he understood the charges which included the drug amount. Therefore, defense counsel's performance was not deficient in not objecting to the drug amount after Morgan continuously stipulated to the amount.

**C. Knowing and Voluntary Waiver of Appeal.**

Morgan urges that his appeal waiver is invalid because his counsel misled him and that he did not know his appeal rights were being waived. Morgan asserts that if he had known he was waiving his right to appeal that he wouldn't have accepted the plea agreement. Moreover, he alleges the Court failed to ensure that he knowingly waived his right to appeal. Morgan's claims are mere conclusory allegations not supported by the facts.

A defendant may waive his statutory right to appeal as part of a plea agreement. *United States v. Henderson,* 72 F.3d 463, 465 (5th Cir. 1995). A waiver of post-conviction relief is valid if the waiver is informed and voluntary. *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994). For a waiver to be knowing and voluntary, the defendant must know that he had "a right to appeal his sentence and that he was giving up that right." *United States v. Portillo,* 18 F.3d 290, 292 (5th Cir. 1994). For example, in *United States v. McKinney,* the Fifth Circuit found that "[b]ecause [defendant] indicated that he had read and understood the plea agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary." 406 F.3d 744, 746 (5th Cir. 2005).

It is the responsibility of the district court to "insure that the defendant fully understands his right to appeal and the consequences of waiving this right." *United States v. Gonzales,* 259 F.3d 355, 357 (5th Cir. 2001) (citations omitted). "The defendant's waiver is unknowing and involuntary where the district court explains the terms of the appellate waiver incorrectly or not at all." *United States*

*v. Jacobs,* 635 F.3d 778, 781 (5th Cir. 2011) (citations omitted). "If the district court accurately explains the terms and consequences of the waiver of appeal and the defendant states on the record that he understands them, the defendant's later contention that he did not really understand will not invalidate the waiver." *Id.*

Here, the record establishes that both defendant's plea and his waiver of his appeal rights were knowing and voluntary. Morgan's signed plea agreement contained an express waiver of his rights to appeal and collaterally challenge his conviction and sentence.(Rec. Doc. No. 197, pg. 3). By signing and initialing the plea agreement, Morgan represented that he knew and agreed with the terms contained within the agreement. In addition, during defendant's rearraignment, the Court correctly reiterated defendant's limited right to appeal. (Rec. Doc. No. 327, pg. 10). Defendant again affirmed that he understood his limited rights of appeal. (Rec. Doc. No. 327, pg. 10). Having confirmed that he understood his limited appeal rights, defendant may not now contend that he did not understand the waiver. Thus, as in *McKinney,* defendant indicated he understood his waiver of appeal, and therefore the waiver was made knowing and voluntarily. His claims that counsel misled him and that he did not knowingly waive his appeal rights are without merit. Accordingly, for the reasons stated, the Court **DENIES** Kewayne Morgan's motion for habeas relief pursuant to 28 U.S.C. § 2255.

New Orleans, Louisiana, this 1st day of August, 2012.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE